THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD TROY PHILLIPS, Defendant-Appellant.

First District (5th Division)   No. 1—90—0691

Opinion filed May 15, 1992.

Michael J. Pelletier and Nan Ellen Foley, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael Latz, and Matthew L. Moodhe, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Donald Troy Phillips (Phillips) appeals from his conviction and sentence for murder after being retried for the stabbing death of Donald Roberts (Roberts). We affirm.

The record shows that in February 1984 Phillips worked in the kitchen at Northwestern Memorial Hospital, where Roberts was Phillips' immediate supervisor. On the morning of February 29, 1984, shortly after arriving at work, Phillips entered Roberts' office with a knife. Phillips testified that he intended to intimidate Roberts and that he wanted an explanation for what he believed was his harassment on the job. An argument ensued, and Roberts was stabbed to death. After a jury trial Phillips was found guilty of murder and sentenced to 38 years' imprisonment. He appealed his conviction and sentence and this court reversed based on the trial court's failure to instruct the jury on manslaughter predicated upon a sudden and intense passion resulting from provocation. See *People v. Phillips* (1987), 159 Ill. App. 3d 142, 512 N.E.2d 734.

On remand Phillips elected to be tried before the bench. A judge, other than the one who had presided over the jury trial, heard the case and found Phillips guilty of murder. Phillips was then sentenced to 30 years' imprisonment.

Once again Phillips appeals his conviction and sentence, this time raising three issues: (1) that he received ineffective assistance of counsel; (2) that the judge improperly considered the sentence imposed in the first trial when sentencing him after the second trial; and (3) that his mittimus, which shows convictions for armed violence and two counts of murder, must be corrected to show only a single conviction for murder.

The State concedes the "clerical error" of the inclusion of two additional convictions on the mittimus. Furthermore, our own review of the records indicates that the trial court failed to note on the

mittimus the number of days Phillips was entitled to for time served. Since the offense dates back to 1984, the time to be credited would be substantial. Consequently, we remand, so that the trial court can correct the mittimus to indicate Phillips' one conviction for murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(1)) and so the court may determine whether Phillips has been properly credited for time served. The remainder of Phillips' issues, however, are without merit.

In his first issue, Phillips contends that he was denied his constitutional right to effective assistance of counsel because his attorney failed to object to certain cross-examination of defense witness Walter Matthews (Matthews), which he now contends to have been improper, and because his attorney did not attempt to rehabilitate Matthews after this allegedly improper cross-examination.

■ In order to assess this claim, it is necessary to consider the alleged misconduct within the context of the entire trial since a single or isolated act or omission by defense counsel, even if error, will not determine the competency of counsel. (*People v. Colley* (1988), 173 Ill. App. 3d 798, 528 N.E.2d 223.) Whether a defendant has been denied his right to effective assistance of counsel depends on whether the record indicates that the defense attorney's overall conduct at trial fell below a reasonable standard of proficiency and that, in light of the evidence at trial, but for these errors there existed a reasonable probability that the outcome of the trial would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246.) There is a strong presumption that the challenged conduct of counsel was the product of sound trial strategy. *People v. Barrow* (1989), 133 Ill. 2d 226, 247, 549 N.E.2d 240.

■ It is also important to note that a reviewing court need not determine whether the attorney's conduct was substandard if the ineffectiveness claim can be disposed of by finding a lack of sufficient prejudice. (*People v. Burrows* (1992), 148 Ill. 2d 196.) A defendant is not prejudiced unless it can be said that the claimed deficiency of trial counsel so undermined the functioning of the adversarial process that it appears doubtful that the trial produced a just result. (*People v. Williams* (1991), 147 Ill. 2d 173.) In this case, whether or not defense counsel erred by failing to object to Matthews' cross-examination or by failing to direct clarifying questions to Matthews after cross-examination, the ineffectiveness claim cannot stand since defendant could not have been prejudiced by the cited omissions of counsel.

■ There were several witnesses to Roberts' stabbing, which took place in Roberts' office located within the kitchen area on the

second floor of Northwestern Hospital. Two of the walls making up the office enclosure were solid, but the east wall consisted of glass from the ceiling to about three feet off the ground. The fourth wall contained the door with a window. Several hospital workers were present in the kitchen area and were able to look into Roberts' office as the stabbing took place. Their testimony, given at Phillips' first trial, was admitted at his retrial by stipulation.

It seems clear from the evidence that, although there may have been a brief struggle between defendant and Roberts during which time the two men were "clutching" one another, defendant drew a knife and began stabbing Roberts. No one ever saw a knife or any other weapon in Roberts' hands. All of the witnesses testified that they only saw a knife in defendant's hand and that defendant repeatedly attacked Roberts with the knife. Even Matthews, who testified for the defense at the second trial, did not corroborate Phillips' contention that Roberts held the knife at any time. Matthews placed the only weapon in defendant's hand.

Furthermore, two witnesses testified that they saw Phillips stabbing Roberts in the back while Roberts was "crumpled" on the floor clutching his desk; three witnesses testified that as Phillips left the office he verbally threatened security officers who had arrived at the scene and were standing in his path; and the medical examiner testified that Roberts suffered 14 separate and distinct stab wounds, four of which were serious enough to have been individually fatal. Two stab wounds to Roberts' back were deep enough to have punctured the lungs. One stab wound to Roberts' chest punctured Roberts' heart while another entered the lung. This evidence overwhelmingly supports Phillips' conviction for murder and convinces this court that Phillips could not have been prejudiced by the alleged deficiency of trial counsel claimed in this appeal.

■ Phillips next charges that he should be resentenced. He contends that the sentence he received after his first trial was considered by the court when his new sentence was imposed, so that his new sentencing hearing was, in effect, a hearing to reduce his previous sentence and that this was improper. Phillips cites no case law to support this argument and we believe that none exists.

A trial court is vested with wide discretion in setting an appropriate sentence and a reviewing court may not alter a sentence unless it finds that the trial judge abused his discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) We agree with the State's characterization and interpretation of the court's comments during sentencing and find that the trial judge was not considering the previous

sentence as a factor in resentencing. Rather, the trial judge was merely noting that he had chosen to deviate from the prior sentence of 38 years' imprisonment, which had been challenged in the first appeal and affirmed. The judge indicated that he had weighed the mitigating factors differently than the previous judge, which caused him to affix the sentence at 30 years. We find no abuse of discretion in the court's sentencing.

Phillips' conviction and sentence for murder is affirmed. We remand to the trial court so that the mittimus may be corrected to reflect a single conviction for murder and so the trial court may enter the credit to which defendant is entitled for time served.

Affirmed and remanded with instructions.

McNULTY, P.J., and GORDON, J., concur.